AO 247 (Rev. 11/23)   Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)          Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Georgia
### Brunswick Division

| United States of America | |
|---|---|
| v. | ) |
| Germany Brockington Jordan, | ) Case No:   2:18CR00056-2 |
| AKA "Gator," AKA "Rat" | ) |
| | ) USM No:   22936-021 |
| Date of Original Judgment:        January 29, 2020 | ) |
| Date of Previous Amended Judgment: N/A | ) Stacey M. Goad |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Former Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION
## PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of   ☐ the defendant   ☐ the Director of the Bureau of Prisons   ☒ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:

☒ DENIED.   ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____ .

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

The original sentence imposed (140 months of imprisonment) was a downward variance from the advisory guideline range to address several factors outlined in 18 U.S.C. § 3553(a), including the need for the sentence imposed to avoid unwarranted sentencing disparities. Retroactive application of Amendment 821 results in a reduction to the defendant's total criminal history score from 11 points to 10 points; however, such application does not result in a reduction to the assigned criminal history category. Given his classification as a career offender, the defendant's assigned criminal history category must be category VI. Accordingly, since retroactive application of Amendment 821 does not have the effect of lowering the defendant's total offense level, his criminal history category, or his applicable guideline range, a reduction in sentence is not authorized under 18 U.S.C. § 3582(c)(2). USSG §1B1.10(a)(2)(B).

Except as otherwise provided, all provisions of the judgment dated _____ January 29, 2020 _____ shall remain in effect.

**IT IS SO ORDERED.**

Order Date:   _April 13, 2·26_

Effective Date:   _____
              *(if different from order date)*

_____
LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE